IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CONRAY CARROLL                                                                        PLAINTIFF
ADC # 110901

V.                                          5:06CV00011 JLH/HDY

JOHN BIAS, *et al.*                                                                   DEFENDANTS

### ORDER

Plaintiff, an inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction, filed a *pro se*[1] Complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, accompanied by an Application to Proceed *In Forma Pauperis*. For the reasons stated below, the Court orders that Plaintiff's claims be dismissed, without prejudice, pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA").

---

[1] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff is also notified that a dismissal for failure to prosecute, grounds for which include failing to respond to an Order of this Court within thirty days, and dismissal for failure to exhaust administrative remedies, shall be treated as a "strike" within the meaning of 28 U.S.C. § 1915(g). Under § 1915(g), a prisoner may not proceed with a civil suit *in forma pauperis* if the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In contrast, a dismissal pursuant to a motion for voluntary dismissal will not be treated as a strike. Therefore, if at some stage in this litigation, Plaintiff elects not to continue prosecuting this action, he should file a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41.

Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

During Plaintiff's incarceration, he has filed at least five prior § 1983 complaints in United States District Court for the Eastern District of Arkansas that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[2] Nor do Plaintiff's allegations, which concern a failure to treat for an ear infection from May 26, 2004 through January 3, 2005, state a claim of imminent danger at the time of the filing of the Complaint. *See McAlphin v. Toney,* 281 F.3d 709 (8th Cir. 2002) (emphasizing that, to qualify for the imminent danger exception to the three-strikes provision, a plaintiff must allege facts establishing that he or she was in imminent danger of serious bodily injury at the time of filing the complaint).

IT IS THEREFORE ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Should Plaintiff, within ten (10) days of the date of entry of this Order, submit the

---

[2] *See Carroll v. Mitchell et al.*, 5:99CV00064 GH (dismissed for failure to state a claim); *Carroll v. State of Arkansas*, 4:00CV00083 SWW (dismissed as frivolous and for failing to state a claim); *Caroll v. Huckabee et al.*, 4:00CV00906 WRW (dismissed as premature and for failure to state a claim); *Carroll v. Huckabee*, 4:04CV00422 SWW (specifically designated as a strike); and *Carroll v. Piazza et al.,* 4:05CV00430 (specifically designated as a strike).

statutory filing fee of $250.00 to the Clerk of the Court, noting the case style and number, his case may be re-opened.

DATED this 30th day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE